IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 97-60205
_____


HORACE YARBROUGH,

Plaintiff-Appellant,

versus

ALLIANT FOODSERVICE, INC.,
Successor In Interest of
Kraft Foodservice, Inc.,

Defendant-Appellee.
_____

Appeal from the United States District Court
for the Southern District of Mississippi
(3:96-CV-211-BN)
_____

April 23, 1998

Before GARWOOD, JOLLY, and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:[*]

Horace Yarbrough appeals the district court's summary judgment in favor of Alliant Foodservice, Inc. ("Alliant"), dismissing his age discrimination claim and his state claim for tortious interference with his prospective contract and business-relations rights. Although the district court erred when it found that Yarbrough failed to demonstrate a prima facie case of

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

discrimination because he was not "qualified" for the position from

which he was terminated,[1] the error is ultimately harmless because the record fails to support a finding that Alliant's articulated reasons for Yarbrough's discharge were a pretext for age discrimination.  Although our ruling should not be construed to constitute agreement with the merits of Alliant's business decision to terminate Yarbrough, Yarbrough failed to demonstrate that Alliant exercised its business judgment in bad faith or with discriminatory animus.

Further, the district court did not err when it granted summary judgment against Yarbrough's state law claim.  For these reasons, the judgment of the district court is

A F F I R M E D.

---

[1] See Bienkowski v. American Airlines, Inc., 851 F.2d 1503, 1505-06 (5th Cir. 1988).